```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF LOUISIANA
```

**ENVIRONMENTAL, SAFEFTY & HEALTH**          **CIVIL ACTION**
**CONSULTING SERVICES, INC.**

**VERSUS**                                  **NO. 12-1751**

**MAGNABLEND, INC.**                        **SECTION: "B" (4)**

## ORDER AND REASONS

Before the Court is Defendant Magnablend, Inc.'s ("Magnablend") motion to transfer this case, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Northern District of Texas ("N.D. Tx."). (Rec. Doc. No. 6). Also before the Court are Plaintiff Environmental, Safety & Health Consulting Services, Inc.'s ("ES&H") opposition to the motion, as well as Magnablend's reply in support of the motion. (Rec. Docs. No. 14 & 17). Accordingly, for the reasons articulated below,

**IT IS ORDERED** that Defendants' Motion to Transfer (Rec. Doc. No. 6) is **GRANTED,** and the above-captioned matter is **TRANSFERRED** to United States District Court for the Northern District of Texas.

Cause of Action and Facts of Case:

This case arises from a contract dispute over services rendered at a facility located in N.D. Tx., in Waxahachie, Texas. ES&H is a Louisiana company based in Houma, Louisiana that specializes in environmental cleanup work and remediation. (Rec. Docs. No. 14 at 2, & 6-1 at 1). Magnablend is a Texas corporation with corporate offices located in Waxahachie, TX. (Rec. Doc. No.

6 at 2). On October 3, 2011, a fire at Magnablend's Waxahacie, TX Liquid Blending Facility ("Facility") caused environmental hazards and concerns. *Id*. ES&H was subsequently engaged to perform environmental cleanup work at the Facility. (Rec. Docs. No. 14 at 2 & 6-1 at 2). ES&H alleges that Magnablend refuses to pay for cleanup services rendered, and filed an action claiming breach of contract and unjust enrichment in the Thirty-Second Judicial District Court, for the Parish of Terrebone, State of Louisiana ("State Court"). (Rec. Docs. No. 14 & 6-1).

Magnablend removed the case to this Court on July 5, 2012 and filed the instant motion to transfer venue on July 12, 2012. (Rec. Docs. No. 1 & 6). ES&H filed their opposition to the motion on August 14, 2012 and Magnablend filed their reply to the opposition on August 21, 2012. (Rec. Docs. No. 14 & 17). Both parties concede that this Court is a proper venue. (Rec. Docs. No. 6-1 at 4 & 14 at 1)

Law and Analysis:

A.   Motion to Transfer - 28 U.S.C. § 1404(a)

This Court has broad discretion in deciding whether to order a transfer pursuant to 28 U.S.C. § 1404(a). *In re Volkswagen of America, Inc.,* 545 F.3d 304, 311 (5th Cir. 2008)(en banc), citing *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998)(quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987). A district court may transfer any civil case "[f]or the

convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  Section 1404(a) serves to temper the plaintiff's power to choose venue under the general venue statute, 28 U.S.C. § 1391. *In re Volkswagen*, 545 F.3d at 313.  The underlying premise of the statute is to prevent plaintiffs from subjecting defendants to venues that are inconvenient under § 1404(a).  *Id*.  Therefore, when the district court where the movant seeks to have the case litigated, i.e., the "transferee" court, is clearly more convenient than the venue chose by plaintiff, the transfer should be granted.  *Id*. at 314.  The movant bears the burden of showing that transfer is warranted.  *Mohamed v. Mazda Motor Corp*., 90 F.Supp.2d. 757, 768  (E.D. Tx. 2000), citing *Time, Inc v. Manning*, 366 F.2d 690 (5th Cir. 1966).

The inquiry when seeking transfer under § 1404(a) is two-fold: "(1) whether the action sought to be transferred is one that 'might have been brought' in the transferee court; and if so, (2) whether, considering the 'convenience of parties and witnesses' and 'the interest of justice' a transfer to the proposed district is appropriate."  *Atlantic Sounding Co., Inc. v. Steward*, 2009 WL 1375699, at *1 (S.D. MS. May 15, 2009) (citing *Hernandez v. Graebel Van Lines*, 761 F.Supp. 983 (E.D.N.Y. 1991).  Here, ES&H does not dispute that E.D. Tx. is a venue where the action might have been brought.  (Rec. Doc. No. 14).  Therefore, the Court moves to the

second part of the inquiry and considers the convenience of the parties and witnesses and balances public and private factors, none of which are of themselves dispositive, to determine whether transfer is warranted. *In re Volkswagen*, 545 F.3d at 314-316.

The public interest factors are: (1) the administrative difficulties resulting from court congestion; (2) the familiarity of the forum with the law that will govern the case; (3) the local interest in having localized controversies decided at home; and (4) choice of law issues. *In re Volkswagen*, 545 F.3d at 314. In the present matter, neither party raises issues of administrative difficulties, nor is the Court aware of any particular problems with court congestion arising from transfer to N.D. Tx. Therefore only the second, third, and fourth public interest factors need to be addressed by this Court.

The private interest factors are: (1) the plaintiff's choice of venue; (2) the situs of material events; (3) the cost of obtaining attendance of witnesses and other trial expenses; (4) the place of the alleged wrong; and (5) the possibility of delay and prejudice if the court grants the transfer.[1] *Id.*

---

[1] *See also In re Volkswagen* 545 F.3d at 314 (stating "Although a plaintiff's choice of venue is not a distinct factor in the venue transfer analysis, it is nonetheless taken into account as it places a significant burden on the movant to show good cause for the transfer.") *Id*. at 314 n.10.

*1. Public Interest Factors*

   *a. Relationship to community and local interest*[2]

This contract dispute arises out of services rendered by ES&H at Magnablend's facility in Waxahacie, Texas, which is located within the N.D. Tx.  (Rec. Docs. No. 14 at 2 & 6-1 at 4). Magnablend is a Texas citizen.  (Rec. Doc. No. 6-1 at 12).  The only connection to the Eastern District of Louisiana is that ES&H is based out of Houma, Louisiana.  (Rec. Doc. No. 14 at 11-12). ES&H argues that this creates a "local interest" because "Louisiana has an interest in protecting the contractual rights of its business entities." (Rec. Doc. No. 14 at 11).  However, the case ES&H cites to support this proposition is discussing Louisiana's interest in the context of a personal jurisdiction analysis, and <u>not</u> in the context of a motion to transfer venue.  *Custom Fuel Services, Inc. v. Brinkerhoff Oil Trading Co., et al.*, No. 87-5686, 1989 WL 104099 at *5-6 (E.D. La. Sept. 5, 1989).  Further, Magnablend points out that ES&H's office in the "Dallas/Fort Worth" area, which falls within N.D. Tx., coordinated most of the work for Magnablend. (Rec. Doc. No. 6-1 at 10).  Magnablend also asserts that all of the contacts and communication giving rise to the contractual relationship between Magnablend and ES&H took place in N.D. Tx.  (Rec. Doc. No. 17 at 2).  Therefore, because ES&H can only argue its own citizenship in Louisiana as a "local interest,"

---

[2]This section encompasses both public interest factors two and three.

5

the Court finds this is outweighed by the operative facts underlying the contractual dispute occurring in N.D. Tx. Therefore, the second and third public interest factors weigh in favor of transfer to N.D. Tx.

     b.  *Choice of Law*

Magnablend argues that because Texas state law is likely to apply to this contract dispute, it would be "unfair to burden the citizens of Louisiana with jury duty in a matter that has no relevance ... to their state and/or their laws." (Rec. Doc. No. 6-1 at 13.)  ES&H does not concede that Texas law will apply to ES&H's claims, and states that even if it were, "federal courts commonly apply the law of other states and are qualified to do so." (Rec. Doc. No. 14 at 12).  Therefore, because it is unclear at this stage whether Texas or Louisiana law will apply to this dispute, the weight of this public interest factor in choosing between the two venues is neutral.

   *2. Private Interest Factors*

      *a. Plaintiff's Choice of Venue*

"...[T]he plaintiff's choice of [venue] is clearly a factor to be considered but in and of itself it is neither conclusive nor determinative." *In re Horseshoe Entertainment*, 337 F. 3d 429, 434 (5th Cir. 2003).  Moreover, "the plaintiff's privilege of choosing his venue, at the very least, places the burden on the defendants to demonstrate why the forum should be changed." *Time, Inc. v.*

*Manning*, 366 F. 2d 690, 698 (5th Cir. 1966). In the instant action, this Court is Plaintiff ES&H's choice of venue, and ES&H is a Louisiana company based in Houma, Louisiana, within the Eastern District of Louisiana. (Rec. Docs. No. 14 at 2, & 6-1 at 1). Therefore, this factor weighs in favor of retaining venue in this Court.

    *b. Location of incident*[3]

The location of the incident is an important factor when determining venue. *See, e.g., Holmes v. Warrior & Gulf Navigation Co.*, F. Supp. 2d, 2004 WL 1774615 at *3 (E.D. La. 2004). Here, the contract dispute arises from services rendered by ES&H for Magnablend at a facility located in N.D. Tx. (Rec. Doc. No. 17 at 2 & 14). However, ES&H asserts that the "operative facts" of this contractual dispute arise out of the communications and negotiations between ES&H and Magnablend to arrange said services. (Rec. Doc. No. 14 at 5). But rather than argue that these negotiations took place in the Eastern District of Louisiana ("E.D. La."), ES&H instead asserts that they involved "various judicial districts," including other districts within Texas, but not E.D. La.[4] *Id*. at 6. Therefore, when the underlying services of the

---

[3]This section addresses private interest factors two and four.

[4]Specifically, ES&H makes the argument that key negotiations took place in Houston, Texas and Austin, Texas, in the Southern and Western Districts of Texas, respectively. (Rec. Doc. No. 14 at 6).

contract at issue occurred in N.D. Tx., and there is no connection of the operative facts to the present venue, this factor weighs in favor of transfer.

   *c. Availability of Witnesses and Parties*

   This factor is arguably one of the most important when analyzing a motion to transfer. *See Aland v. Faison Associates*, F. Supp., 1998 WL 355468 (N.D. Tex. 1998). In *Goodman Co., L.P. v. A & H Supply, Inc.*, 396 F. Supp. 2d 766, 776 (S.D. Tex. 2005), the Defendant argued that even if venue was proper in the Plaintiff's chosen venue, the suit should be moved for reasons of convenience. The court determined that even if moving the suit to Defendant's venue was convenient to them, it would be much less convenient for the Plaintiff. *Id.* Defendant claimed all of its witnesses were located in Idaho and requested the transfer but all of Plaintiff's witnesses were located in Texas. *Id.* A case should not be transferred if the "only practical effect is to shift inconvenience from the moving party to the nonmoving party." *Id.*

   Here, both parties agree that Magnablend employees likely to be called as witnesses are based in N.D. Tx. (Rec. Doc. No. 6-1 at 6 & 14 at 10). ES&H also cites several of its own employees based in Houma, Louisiana, as witnesses who would be inconvenienced by transfer to N.D. Tx. (Rec. Doc. No. 14 at 10). Yet Magnablend counters by pointing out that many ES&H employees were able to

operate out of ES&H's Dallas/Fort Worth office in order to negotiate the contract at issue in this dispute. (Rec. Doc. No. 6-1 at 9-10). Indeed, ES&H concedes that its own employee, Jeremy McEntire, who "engaged in the initial negotiations on behalf of ES&H ... is located in the Northern District of Texas." (Rec. Doc. No. 14 at 11). ES&H also argues that "key non-party witnesses" are located outside of N.D. Tx, and instead points out that they are located in the Southern District of Texas, in Houston, and the Western District of Texas, in Austin. *Id*. at 10-11. ES&H argues that since these non-party witnesses (agents of Magnablend's insurer and insurance broker, respectively) are more than 100 miles outside of N.D. Tx. and E.D. La., they are outside the subpoena power of both venues, pursuant to Fed. R. Civ. Proc. 45(c)(3)(A). *Id*. at 10. ES&H contends that this renders the convenience of the non-party witnesses a "neutral" factor. *Id*. The Court rejects this conclusion. Although the non-party witnesses in Houston and Austin may be outside the subpoena power of both N.D. Tx. and E.D. La., it is certainly far more convenient for said witnesses to travel the shorter distance to N.D. Tx. in Dallas than to this Court in New Orleans.[5] Therefore, combined with the fact that

---

[5] ES&H's statement that "[t]he distance of the Southern District of Texas and the Western District of Texas witnesses from the Dallas area is <u>not much more</u> than their distance from New Orleans," is misleading. (Rec. Doc. No. 14 at 10), emphasis added. The distance is not only not "not much more," it is actually less. According to a commonly-used mapping resource: the distance

Magnablend's officers are located in N.D. Tx., and a key ES&H employee witness is located in N.D. Tx., transfer will do much more than merely "shift the inconvenience" from one party to another; it will significantly reduce inconvenience to both parties, as well as to non-party witnesses. Accordingly, this factor weighs heavily in favor of transfer.

    d.   *Possibility of Delay and Prejudice*

When "the action is still in the early stages of litigation, any delay resulting in the transfer to the proper forum should not prejudice either party." *Peters v. Milton Hall Surgical Associates*, No. Civ. A. 03-1254, 2003 WL 22174274, at *2 (E.D.la. Sept. 11, 2003). This matter is still in the early stages, having been removed to this Court only four months ago.[6] (Rec. Doc. No. 1). Therefore, the Court finds no risk of prejudice to either party by transfer to N.D. Tx.

---

between the Southern District of Texas and N.D. Tx. is approximately 240 miles, as compared to 347 miles between the Southern District of Texas and this Court; the distance between the Western District of Texas and N.D. Tx. is 197 miles, as compared to 509 miles between the Western District of Texas and this Court. Mileage computed by Mapquest. (Rec. Doc. No. 6-1 at 6, n.13); *See also* http://www.mapquest.com; *In re Extradition of Gonzalez*, 52 F.Supp.2d 725, 731 at n.12 (W.D. La. 1999) (relying on Mapquest to calculate mileage, stating "Judicial notice can be taken of facts 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'"), citing Fed. R. Evid. 201(b)(2); *Marsh v. Butler*, 268 F.3d 1014, 1049 at n. 3 (11th Cir. 2001).

[6] A preliminary scheduling conference has not yet been set in this matter, nor are there any other pending motions before this Court.

In view of all of the above articulated factors, transfer of this action is warranted.

New Orleans, Louisiana, this 9th day of November, 2012.

_____
UNITED STATES DISTRICT JUDGE